

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-19-2006

# Koe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Koe v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1740.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1740

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3894

———

YULIA KOE,

Petitioner

v.

ALBERTO R. GONZALES,
Attorney General of the United States[*]

Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A79-296-443)

———

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2006

Before:  BARRY, AMBRO and ALDISERT, Circuit Judges

(Filed January 19, 2006)

———

**OPINION**

———

ALDISERT, Circuit Judge.

———

[*] Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Rule 43(c)(2), Federal Rules of Appellate Procedure.

Yulia Koe, a native and citizen of Indonesia, files a petition for review from a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252. We will deny the petition.

## I.

The parties are familiar with the facts and proceedings before the BIA and the IJ, so we will only briefly revisit them here. Koe is an Indonesian of Chinese ethnicity who testified that she had been repeatedly subject to harassment, allegedly because of her ethnicity. In support of this contention she recited both general and specific instances of abuse directed towards her and other ethnic Chinese. She testified to several events of violence occurring on various Indonesian islands that she either read about or saw on television where ethnic Chinese were treated poorly by ethnic Indonesians. She stated that these events, which occurred sporadically over the course of a decade, made her feel bad and occasionally scared. Koe testified that she had trouble obtaining the required identification card that people in Indonesia are required to carry, and believes this difficulty stemmed from her Chinese ethnicity. She also stated that people would touch her buttocks if she wore pants, call her a dirty Chinese, and yell "You eat pork" at her, all of which she found to be offensive.

In addition, she described four specific incidents of alleged persecution that

occurred either to her or her family. First, she testified to a 1997 incident where she was robbed at knife point while she sat in her car at a traffic light. Second, she testified that a beauty salon that she owned was burned during a 1998 riot. Third, she stated that her family's store was looted by ethnic Indonesians in another riot that same year. Finally, she described an incident occurring in December 1998, where a group of homeless men entered a taxi in which she was riding, held a knife to her throat, robbed her and then touched and kissed her.

Following a brief visit to her family in Singapore in 1999, Koe was admitted to the United States on November 9, 1999, on a non-immigrant visa with authorization to remain in the country until May 8, 2000. Koe remained past that date, and on March 26, 2001, the INS commenced the present deportation proceedings against her by serving her with a Notice to Appear. The IJ rejected all of Koe's claims for relief, finding that Koe failed to provide any evidence of torture or persecution sufficient to merit withholding of removal or relief under CAT.[1] The BIA affirmed the IJ without opinion. This petition for review followed.

II.

Because the BIA adopted and affirmed the IJ's decision without additional comment, we review the decision of the IJ. Tarrawally v. Ashcroft, 338 F.3d 180, 184

---

[1] Koe's asylum application was never ruled upon by the IJ because she voluntarily withdrew it from consideration, admitting that it was untimely and that extraordinary circumstances did not exist to excuse its untimeliness. She thereafter proceeded before the IJ only upon her withholding of removal and CAT claims.

3

(3d Cir. 2003). Whether a petitioner has demonstrated past persecution or a clear probability of future persecution is a factual determination subject only to the highly deferential substantial evidence standard. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-484 (1992); Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the substantial evidence standard, this Court will uphold the findings of the BIA unless the evidence "not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-484 (3d Cir. 2001).

III.

Notwithstanding the contentions made by Koe to this Court that the IJ erred in denying CAT relief, we lack jurisdiction to review the IJ's denial of this claim. In her brief to the BIA, Koe only argued that the IJ erred in its denial of withholding of removal and never addressed why the adverse CAT rulng was in error.[2] The BIA was therefore never able to consider any arguments other than those relating to the withholding of removal claim. Because Koe did not exhaust this claim before the BIA, it was not preserved for our review and we therefore lack jurisdiction to review it. See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has

---

[2] In her brief to the BIA, Koe does state in her introductory sentence that she is appealing the IJ's denial of asylum, withholding of removal and relief under CAT. Nowhere in her brief, however, does she develop her argument on why the IJ erred in denying relief under CAT. We find such a perfunctory mention of an unsupported contention to be insufficient to consider it raised on appeal to the BIA. Cf. Dillinger v. Caterpillar, Inc., 959 F.2d 430, 447 (3d Cir. 1992) (stating that a passing reference to a claim in an appellate brief without further development is insufficient to preserve it for appeal).

4

exhausted all administrative remedies available to the alien as of right."); Zheng v. Gonzales, 422 F.3d 98, 107-108 (3d Cir. 2005) ("The failure to exhaust this claim before the BIA 'bars consideration of particular questions not raised in an appeal to the [BIA].'").

Similarly, we lack the ability to review Koe's claim that the IJ erred in not granting asylum relief. For this matter, it is not a question of whether she exhausted her remedies before the BIA; rather, Koe never received a final ruling from the IJ on her asylum petition. Koe withdrew the asylum application as untimely during the hearing and acknowledged that there were no extraordinary circumstances that could excuse her dilatory application. "To exhaust a claim . . . an applicant must first raise the issue before the BIA or IJ." Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005). Because Koe withdrew her asylum application and never received a final ruling from the IJ, regardless of the timeliness of the application, we therefore lack jurisdiction to review any claims on appeal contending that a denial of asylum relief was in error.

IV.

We do possess jurisdiction to review Koe's claims with respect to withholding of removal. Nonetheless, we conclude that her contentions on appeal are without merit. First, we are satisfied that the incidents of which Koe complains do not "rise to the level of persecution because the harm suffered was not sufficiently severe." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that petitioner, a Chinese Indonesian, did not

5

qualify for asylum relief, a less onerous standard than withholding of removal, when petition was based upon two isolated incidents of robbery by native Indonesians). The BIA and this Court have adopted a narrow definition of persecution, which "connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quoting Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993)). "[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin, 12 F.3d at 1240. We accordingly agree with the IJ that Koe has not been the victim of persecution but rather has unfortunately been, to quote the IJ, "in the wrong place at the wrong time" in her repeated victimization by street crime, hoodlums and thugs.[3]

Moreover, in light of our determination that Koe has not been the victim of past persecution, we also agree with the BIA and the IJ that Koe is not entitled to withholding of removal because she failed to show a clear probability that her life or freedom would be threatened on account of persecution if she returned to Indonesia. See I.N.S. v. Stevic, 467 U.S. 407, 429-430 (1984). An alien is entitled to withholding of removal only if she can demonstrate a "'clear probability' that [her] life or freedom would be threatened in

_____

[3] Koe also argues that the IJ erroneously made a "speculative conclusion" when he found it incredible that Koe would rather sit at a stoplight and be accosted by "knife wielding thugs" than violate the traffic laws and escape in her automobile by running a red light. While the IJ's comments may appear speculative to some, we cannot say they are unreasonable in the context of the situation described to him. The IJ, however, found all the other portions of Koe's testimony to be "basically . . . credible."

6

the proposed country of deportation" because of "'race, religion, [or] nationality.'" Tarawally v. Ashcroft, 338 F.3d at 186 (quoting 8 U.S.C. § 1231(b)(3)(A); citations omitted). "[C]lear probability means 'more likely than not.'" Id. (quoting Stevic, 467 U.S. at 429-430).

Finally, we find Koe's attempt to link the culpability for these acts of violence to the Indonesian government to be without merit. Notwithstanding the severity or the reasons for the incidents of persecution, the petitioner must link the persecution either to the government or groups that the government is unable or unwilling to control. Gao v. Ashcroft, 299 F.3d at 272. Koe argues that she has been persecuted by "Nationalist Indonesians" whom the government is unwilling or unable to stop. Here, however, the record is entirely devoid of any evidence indicating that the Indonesian government was unable or unwilling to control any group "persecuting" Koe on account of her race, religion or nationality.

In sum, even if we accept as true Koe's testimony that, on account of her Chinese ethnicity, her beauty salon was burned in a 1998 riot, her family's store was looted that same year and on numerous occasions she was robbed, sometimes at knife point, the evidence in the record does not compel us to find that these acts either rise to the level of persecution, indicate a clear probability that Koe's life would be threatened on return to Indonesia or show that the deeds were linked to governmental action or purposeful inaction.

V.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. The petition for review will be denied.